

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSHUA JAMES MILSON, | § § § § | |
| Movant, | | |
| VS. | § § | NO. 4:20-CV-032-A (NO. 4:16-CR-132-A) |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Joshua James Milson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, movant's reply, the record in this action and in the underlying criminal case, No. 4:16-CR-132-A, styled "United States v. Charles Ben Bounds, et al.," and applicable authorities, finds that the motion should be denied.

I.

Background

Information contained in the record of the underlying criminal case discloses the following:

On June 15, 2016, movant was named along with others in a second superseding indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture

and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 286.

On October 7, 2016, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement. Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 723. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-132-A.

2

factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 1358.

The probation officer prepared a PSR reflecting that movant's base offense level was 36. CR Doc. 1026, ¶ 29. He received a two-level increase for possession of a firearm, id. ¶ 30, and a two-level increase for use of violence. Id. ¶ 31. He received a two-level and a one-level decrease for acceptance of responsibility. Id. ¶¶ 37-38. Based on a total offense level of 37 and a criminal history category of VI, movant's guideline imprisonment range was 360 months to life, but the statutorily authorized maximum sentence was 40 years. Therefore, the guideline range became 360 to 480 months. Id. ¶ 124. Movant filed objections to the PSR. CR Doc. 1253. The probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 1120.

On February 24, 2017, movant was sentenced to a term of imprisonment of 400 months. CR Doc. 1249. He appealed, CR Doc. 1262, and his attorney was allowed to withdraw as there was no non-frivolous issue for appellate review. CR Doc. 1520.

II.

Grounds of the Motion

Movant urges one ground in support of his motion, alleging that he received ineffective assistance of counsel. He says:

A) Counsel failed to investigate witnesses or statements

B) Counsel failed to enter into any plea negotiations with the Government

C) Counsel failed to object to [movant's] specific objections

D) Counsel withdrew specific objections without notifying [movant] and against his wishes.

Doc.[2] 1 at PageID[3] 4.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

[3] The "PageID__" reference is to the page number assigned by the court's electronic filing system and is used because the page numbers on the form used by movant are not the actual page numbers of the document as filed.

4

152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974); United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide

6

range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Movant first makes the conclusory allegation that his counsel failed to investigate witnesses or statements. Doc. 1 at PageID 4. In his memorandum, he says that two statements in the PSR were factually untrue—the statement of a co-defendant that she had seen movant with a gun and the statement that movant had attacked another with a hammer. Doc. 2 at 3-4. He does not explain what investigation counsel failed to undertake or what such investigation would have shown. Conclusory allegations do not raise a constitutional issue. Miller, 200 F.3d at 282. A defendant who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Movant has only his own unsupported allegation that the statements were untrue. The

7

record substantiates that the two-level increases for possession of a weapon and use of violence were proper. CR Doc. 1087.

Movant next argues that he received ineffective assistance because his attorney failed to enter into any plea negotiations with the government. Again, movant offers nothing more than this conclusory allegation. See United States v. Cavitt, 550 F.3d 430, 441-42 (5th Cir. 2008)(movant must present independent indicia of the likely merit of his allegations to be entitled to a hearing thereon). In any event, a defendant does not have a constitutional right to a plea bargain. Weatherford v. Bursey, 429 U.S. 545, 461 (1977); United States v. Rice, 607 F.3d 133, 144 (5th Cir. 2010).

Finally, movant argues that his counsel "failed to object to [movant's] specific objections" and withdrew objections without notifying movant and against his wishes. Movant does not identify any objection he thought should have been made but was not. The record reflects that counsel made the objections to the two-level increases as movant desired. As for withdrawing of the objections, counsel explained to movant in so many words that the objections were without merit and might cost movant acceptance of responsibility. Doc. 2 at 4. Clearly, the decision

was a strategic one by counsel. Moore v. Johnson, 194 F.3d 586, 591-92 (5th Cir. 1999). Counsel cannot be deficient for failing to press a frivolous point. Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995).

Finally, the court notes that movant attempts to overcome the conclusory allegations of the motion by providing further details. However, the allegations are unsupported and insufficient to entitle movant to a hearing.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED March 10, 2020.

_____
JOHN McBRYDE
United States District Judge